UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES ON BEHALF OF BAY AREA AUTOMOTIVE GROUP WELFARE FUND,<br><br>Plaintiff,<br><br>v.<br><br>IMPARK PACIFIC PARKING,<br><br>Defendant. | Case No. 22-cv-04767-TSH<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**<br><br>Re: Dkt. No. 15 |

Defendant Impark Pacific Parking moves to set aside entry of default pursuant to Federal Rule of Civil Procedure 55(c). ECF No. 15. Plaintiff Trustees on behalf of Bay Area Automotive Group Welfare Fund has not filed a response. The Court finds this matter suitable for disposition without oral argument and **VACATES** the December 22, 2022 hearing. *See* Civ. L.R. 7-1(b).

Rule 55(c) provides that a court may set aside an entry of default for good cause. "To determine 'good cause', a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (simplified). "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (simplified).

Here, Defendant states its knowledge of this case "was delayed due to a clerical error, which was likely caused by the changed working environment implemented as a result of COVID-19. At the time the Complaint was served on the company, it was not immediately processed due to significant changes in Impark's working processes because of the work from home policies

employed during the COVID-19 pandemic." Ihsanoglu Decl. ¶ 4, ECF No. 15-1. Upon learning of the Clerk's October 17, 2022 entry of default, Defendant "diligently sought to investigate the circumstances surrounding Impark's inadvertent delay in processing, and has worked diligently to submit the Motion to Set Aside Clerk's Entry of Default . . . as quickly as possible after learning of the existence of this action and of the clerk's entry of default." *Id.* ¶ 5. A defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092 (citation and quotations omitted). As Defendant's failure to respond was unintentional, the Court finds it has not engaged in culpable conduct. *See id.* ("[A] defendant's conduct was culpable for purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.").

Further, Defendant has shown it has a meritorious defense to the complaint in that it contends certain contributions Plaintiff alleges it owes were calculated incorrectly and the liquidated damages Plaintiff seeks are excessive. Mot. at 9; *see Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1094 ("All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation.") (simplified).

Finally, to establish prejudice, setting aside default must result in greater harm than simply delaying resolution of the case. *Id.* Here, default was only entered one month ago, and Plaintiff has not shown any harm in setting aside default. In these circumstances, setting aside default is appropriate. *See Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (no prejudice simply because a party loses a "quick victory" due to an opponent's procedural default and must litigate on the merits).

In sum, the Court finds that all factors favor setting aside default and allowing the case to proceed on the merits. Accordingly, Defendant's motion is **GRANTED**. The parties are reminded that this matter is set for a case management conference on January 12, 2023, and their

joint statement is due seven days prior.  *See* ECF No. 14.

**IT IS SO ORDERED.**

Dated: December 2, 2022

THOMAS S. HIXSON
United States Magistrate Judge